### SHERBURNE *v.* TAFT *et al.*

(*Supreme Court, General Term, First Department.* November 18, 1892.)

ACCOUNT STATED—SETTLEMENT.

Where parties settle and adjust their mutual claims, and one gives a note for the balance, the settlement cannot be impeached in the absence of fraud or mistake, and an action for an accounting between the parties will not lie.

Appeal from special term, New York county.

Action by Henry C. Sherburne against Edward A. Taft and others for an accounting of the proceeds of sale of express company stock. Judgment for defendants. Plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

D. M. Porter, for appellant. Elihu Root and S. B. Clarke, for respondents.

VAN BRUNT, P. J. It may not be at all necessary to add anything to the opinion delivered by the learned justice who tried the cause in the court below. His statement fully presents the facts which were established by the evidence; and it will only be necessary to consider one point of the opinion, which seems to have been misapprehended by the counsel for the appellant. He seems to think that the transaction in Paris between the plaintiff and the defendant Taft was claimed to have been an accord and satisfaction, and that for reasons specified no such accord and satisfaction was established. This we do not understand to have been the position of the court below in treating of this branch of the case. The court did not hold that the circumstances proven established an accord and satisfaction, but that they did establish that an account was stated between the parties, and the balance due to the plaintiff ascertained, for which the defendant Taft gave his note payable on demand, and that in view of this fact an action for an accounting could not be maintained. Under these circumstances, it is apparent that the plaintiff could sue for this balance, or he could sue upon the note, as he saw fit. But the parties having settled and adjusted their different claims, and having agreed upon a balance, and the party against whom the balance existed having promised to pay the same, and having given his written evidence of debt, in the absence of fraud or mistake, this settlement cannot be impeached. The judgment therefore should be affirmed, with costs. All concur.